## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:13-CR-00114-RC |
| v. | § | |
| | § | |
| | § | |
| AMOS EDWARD SIMMONS (14) | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 26, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Amos Edward Simmons. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Ken Hawk.

Defendant originally pled guilty to the offense of Possession of a Firearm by a Drug User, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. On February 10, 2015, District Judge Leonard Davis sentenced Defendant to 27 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, acquire a General Education Development (GED) certificate, and $100 special assessment. On February 11, 2016, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to not commit another federal, state, or local crime. In its petition, the government alleges that Defendant violated this condition of supervised release by being arrested on May 27, 2017 by a Texas Parks & Wildlife Game Warden for Possession of a Controlled Substance PG 1, in violation of Texas Health & Safety Code 481.102.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being arrested on May 27, 2017 by a Texas Parks & Wildlife Game Warden for Possession of a Controlled Substance PG 1, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.3(a)(1). Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline Imprisonment Range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 8 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Amos Edward Simmons be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be Texarkana in order to facilitate family visitation and that Defendant participate in any available drug treatment and counseling while incarcerated.

**So ORDERED and SIGNED this 27th day of June, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE